**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LEROY T. ROBERSON,

     Petitioner,

v.                                                                  Case No. 8:26-cv-1263-WFJ-AAS

SECRETARY, DEPARTMENT OF
CORRECTIONS,

     Respondent.

_____/

## **ORDER**

Leroy T. Roberson, a Florida prisoner, initiated this action by filing a *pro se* petition

for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). While on probation for armed

burglary of a dwelling, Mr. Roberson failed to report to his probation officer and fired a

gun inside a nightclub. *State v. Roberson*, No. 2011-CF-14289, Order Denying Rule

3.800(a) Motion, at 1-5 (Fla. 12th Jud. Cir. Ct.).[1] Based on his commission of new law

violations—specifically, shooting a missile inside a building and possession of a firearm

by a felon—as well as his failure to report, the state court revoked Mr. Roberson's

probation and sentenced him to twenty years in prison. *Id.* at 2. In his sole claim for federal

habeas relief, Mr. Roberson argues that the revocation was a "fundamental miscarriage of

---

[1] The Court takes judicial notice of the docket sheet and several filings in Mr. Roberson's criminal case. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020) ("State court records of an inmate's postconviction proceedings generally satisfy th[e] standard [for taking judicial notice of facts under Federal Rule of Evidence 201]."). Copies of the docket sheet and filings are attached to this order for Mr. Roberson's reference.

justice" because the State ultimately *nolle prossed* the charges that served as the basis for the revocation proceedings. (Doc. 1 at 3-4). After careful review, the Court concludes that the petition must be dismissed as meritless. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Contrary to Mr. Roberson's assertion, "[a] new criminal offense can constitute a probation violation even if *nolle prossed* by the state." *Morency v. State*, 955 So. 2d 67, 68 (Fla. 3d DCA 2007); *see also Swilley v. State*, 781 So. 2d 458, 460 (Fla. 2d DCA 2001) ("The filing of a *nolle prosequi* does not mean that the trial court cannot find that [defendant] substantively violated his community control by committing new offenses."). As the postconviction court explained when it rejected Mr. Roberson's claim, "[t]he new criminal charges and the [violation-of-probation] proceedings are distinct cases, each with different burdens of proof." *State v. Roberson*, No. 2011-CF-14289, Order Denying Rule 3.800(a) Motion, at 3 (Fla. 12th Jud. Cir. Ct.). A "*nolle prosequi* in the criminal case only indicates that the State is opting not to proceed with the prosecution." *Id.* "To meet its burden in a [revocation] proceeding, the State need only demonstrate by a preponderance of the evidence that [the defendant] committed the alleged offense." *Id.* (emphasis omitted). This "lower standard allows the State to move forward with a [violation of probation] even when it may lack sufficient evidence to prove the underlying criminal conviction beyond a reasonable doubt." *Id.* Therefore, "[t]he fact that the State dismissed [the underlying] charge[s] did not preclude the revocation court from determining that the State proved by

- 2 -

a preponderance of the evidence that [Mr. Roberson] violated the terms of his probation." *Brooke v. Crews*, No. 2:13-cv-895-JES-CM, 2015 WL 4645351, at *7 (M.D. Fla. Aug. 4, 2015).

The State met its burden of proof here. As the postconviction court explained, an eyewitness identified Mr. Roberson as the person who "sho[t] a gun inside the club." *State v. Roberson*, No. 2011-CF-14289, Order Denying Rule 3.800(a) Motion, at 3 (Fla. 12th Jud. Cir. Ct.). The witness "was standing about ten feet away from [Mr. Roberson]" when the shooting occurred, and he "waited for [Mr. Roberson] to walk past him because he did not want to attract his attention." *Id.* Moreover, Mr. Roberson's probation officer reviewed "video footage from inside the club and, based upon his experience with [Mr. Roberson], . . . identified [Mr. Roberson] in the videos from the interior of the [club] on the night of" the shooting. *Id.* at 4. This evidence was sufficient to "prove, by a preponderance of the evidence, that [Mr. Roberson] willfully and substantially violated the terms of his probation" by possessing a firearm as a felon and shooting it inside a building.[2] *Mata v. State*, 31 So. 3d 257, 259 (Fla. 4th DCA 2010).

Accordingly, Mr. Roberson's petition for writ of habeas corpus, (Doc. 1), is **DENIED**. Because Mr. Roberson fails to make "a substantial showing of the denial of a constitutional right," a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). The **CLERK** is directed to enter judgment in favor of Respondent and against Mr. Roberson and to **CLOSE** this case.

---

[2] One of the terms of Mr. Roberson's probation was that "he not commit any new law violations." *State v. Roberson*, No. 2011-CF-14289, Order Denying Rule 3.800(a) Motion, at 33 (Fla. 12th Jud. Cir. Ct.). His probation officer explained this condition to him before the shooting. *Id.* at 31-32.

- 4 -

**DONE** and **ORDERED** in Tampa, Florida, on April 30, 2026.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE